**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SYBIL SMITH,**
**Plaintiff,**
**v.**

**MIDLAND CREDIT MANAGEMENT, INC.,**
**Defendant.**
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, SYBIL SMITH ("Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant(s), MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") and states as follows:

**FACTS COMMON TO ALL COUNTS**

1. At all times material to this action, Plaintiff is an individual who resides in the county of the instant action, State of Florida.

2. Plaintiff hereby demands its right to a jury trial on issues so triable.

3. At all times material to this action, Defendant named herein and/or their assignors regularly engage in substantial business activity in the State of Florida including in the county of the instant action, State of Florida.

4. All references to Defendant named herein shall also include Defendant named herein's predecessors.

**COUNT I- VIOLATIONS OF FDCPA BY MIDLAND CREDIT MANAGEMENT, INC.**

5. Plaintiff realleges paragraph numbers 1 through 4.

6. This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA) for damages in excess of $5,000.00 but less than $15,000.00 exclusive of interest, court costs and attorneys fees.

7. At all times material hereto: (a) the Plaintiff is a 'consumer' within the meaning of the FDCPA; (b) the debt sued upon is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

8. On or about February 10, 2017, Defendant engaged in consumer debt collection activities against Plaintiff in regards to delinquent amounts allegedly owed pursuant to consumer debt within the meaning of the FDCPA (the "Debt Collection Activity").

9. The Debt Collection Activity included sending a collection letter. Attached hereto as **Exhibit "A"** are the relevant documents evidencing the Debt Collection Activity as described herein this Count. (the "Debt Collection Conduct").

10. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of 15 U.S.C. §1692:

*§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(2)The false representation of—*

*(A)the character, amount, or legal status of any debt; or*

*(5)The threat to take any action that cannot legally be taken or that is not intended to be taken.*

*(10)The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

*(11)The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*

*§1692(g)*

*(a)NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*

*(1)the amount of the debt;*

*(2)the name of the creditor to whom the debt is owed;*

*(3)a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*

*(4)a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*

*(5)a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

11. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

12. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and

(c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

**COUNT II- VIOLATIONS OF FCCPA BY MIDLAND CREDIT MANAGEMENT, INC.**

13. Plaintiff realleges paragraph numbers 1 through 4 and 8 through 9 herein.

14. This is an action against Defendant for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA) for damages in excess of $5,000.00 but less than $15,000.00, exclusive of interest, court costs and attorneys fees.

15. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

16. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of Florida Statutes, §559.72:

> *(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*
>
> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

17. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

18. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

**COUNT III- VIOLATIONS OF FDCPA BYJENNIFER A. SESTA**

19. Plaintiff realleges paragraph numbers 1 through 4.

20. This is an action against Defendant for violations of the Federal Fair Debt

Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA) for damages in excess of $5,000.00 but less than $15,000.00 exclusive of interest, court costs and attorneys fees.

21. At all times material hereto: (a) the Plaintiff is a 'consumer' within the meaning of the FDCPA; (b) the debt sued upon is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

22. On or about February 10, 2017, Defendant engaged in consumer debt collection activities against Plaintiff in regards to delinquent amounts allegedly owed pursuant to consumer debt within the meaning of the FDCPA (the "Debt Collection Activity").

23. The Debt Collection Activity included sending a collection letter. Attached hereto as **Exhibit "A"** are the relevant documents evidencing the Debt Collection Activity as described herein this Count. (the "Debt Collection Conduct").

24. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of 15 U.S.C. §1692:

*§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(2)The false representation of—*

*(A)the character, amount, or legal status of any debt; or*

*(5)The threat to take any action that cannot legally be taken or that is not intended to be taken.*

*(10)The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

*(11)The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*

*§1692(g)*

*(a)NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*

*(1)the amount of the debt;*

*(2)the name of the creditor to whom the debt is owed;*

*(3)a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*

*(4)a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the*

> *consumer by the debt collector; and*
>
> *(5)a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

25. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

26. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

**COUNT IV- VIOLATIONS OF FCCPA BY JENNIFER A. SESTA.**

27. Plaintiff realleges paragraph numbers 1 through 4 and 8 through 9 herein.

28. This is an action against Defendant for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA) for damages in excess of $5,000.00 but less than $15,000.00, exclusive of interest, court costs and attorneys fees.

29. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

30. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of Florida Statutes, §559.72:

> *(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*
>
> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

31. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

32. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

**COUNT V- VIOLATIONS OF FDCPA BY VALERIA OBI**

33. Plaintiff realleges paragraph numbers 1 through 4.

34. This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA) for damages in excess of $5,000.00 but less than $15,000.00 exclusive of interest, court costs and attorneys fees.

35. At all times material hereto: (a) the Plaintiff is a 'consumer' within the meaning of the FDCPA; (b) the debt sued upon is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

36. On or about February 10, 2017, Defendant engaged in consumer debt collection activities against Plaintiff in regards to delinquent amounts allegedly owed pursuant to consumer debt within the meaning of the FDCPA (the "Debt Collection Activity").

37. The Debt Collection Activity included sending a collection letter. Attached hereto as **Exhibit "A"** are the relevant documents evidencing the Debt Collection Activity as described herein this Count. (the "Debt Collection Conduct").

38. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of 15 U.S.C. §1692:

*§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(2)The false representation of—*

*(A)the character, amount, or legal status of any debt; or*

*(5)The threat to take any action that cannot legally be taken or that is not intended to be taken.*

*(10)The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

*(11)The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*

*§1692(g)*

*(a)NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice*

> *containing—*
> *(1)the amount of the debt;*
> *(2)the name of the creditor to whom the debt is owed;*
> *(3)a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*
> *(4)a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*
> *(5)a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

39. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

40. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

**COUNT VI- VIOLATIONS OF FCCPA BY VALERIA OBI**

41. Plaintiff realleges paragraph numbers 1 through 4 and 8 through 9 herein.

42. This is an action against Defendant for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA) for damages in excess of $5,000.00 but less than $15,000.00, exclusive of interest, court costs and attorneys fees.

43. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

44. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of Florida Statutes, §559.72:

> *(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*
> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

45. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

46. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

**COUNT VII- VIOLATIONS OF FDCPA BY PAYAL CHATANI**

47. Plaintiff realleges paragraph numbers 1 through 4.

48. This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA) for damages in excess of $5,000.00 but less than $15,000.00 exclusive of interest, court costs and attorneys fees.

49. At all times material hereto: (a) the Plaintiff is a 'consumer' within the meaning of the FDCPA; (b) the debt sued upon is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

50. On or about February 10, 2017, Defendant engaged in consumer debt collection activities against Plaintiff in regards to delinquent amounts allegedly owed pursuant to consumer debt within the meaning of the FDCPA (the "Debt Collection Activity").

51. The Debt Collection Activity included sending a collection letter. Attached hereto as **Exhibit "A"** are the relevant documents evidencing the Debt Collection Activity as described herein this Count. (the "Debt Collection Conduct").

52. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of 15 U.S.C. §1692:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2)The false representation of—*
>
> *(A)the character, amount, or legal status of any debt; or*
>
> *(5)The threat to take any action that cannot legally be taken or that is not intended to be taken.*
>
> *(10)The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*
>
> *(11)The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt*

*and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*

*§1692(g)*

*(a)NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*

*(1)the amount of the debt;*

*(2)the name of the creditor to whom the debt is owed;*

*(3)a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*

*(4)a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*

*(5)a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

53. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

54. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

**COUNT VIII- VIOLATIONS OF FCCPA BY PAYAL CHATANI**

55. Plaintiff realleges paragraph numbers 1 through 4 and 8 through 9 herein.

56. This is an action against Defendant for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA) for damages in excess of $5,000.00 but less than $15,000.00, exclusive of interest, court costs and attorneys fees.

57. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

58. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of Florida Statutes, §559.72:

> *(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*
>
> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

59. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

60. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

**COUNT IX- VIOLATIONS OF FDCPA BY SEAN FISHER**

61. Plaintiff realleges paragraph numbers 1 through 4.

62. This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA) for damages in excess of $5,000.00 but less than $15,000.00 exclusive of interest, court costs and attorneys fees.

63. At all times material hereto: (a) the Plaintiff is a 'consumer' within the meaning of the FDCPA; (b) the debt sued upon is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

64. On or about February 10, 2017, Defendant engaged in consumer debt collection activities against Plaintiff in regards to delinquent amounts allegedly owed pursuant to consumer debt within the meaning of the FDCPA (the "Debt Collection Activity").

65. The Debt Collection Activity included sending a collection letter. Attached hereto as **Exhibit "A"** are the relevant documents evidencing the Debt Collection Activity as described herein this Count. (the "Debt Collection Conduct").

66. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of 15 U.S.C. §1692:

*§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(2)The false representation of—*

*(A)the character, amount, or legal status of any debt; or*

*(5)The threat to take any action that cannot legally be taken or that is not intended to be taken.*

*(10)The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

*(11)The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*

*§1692(g)*

*(a)NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*

*(1)the amount of the debt;*

*(2)the name of the creditor to whom the debt is owed;*

*(3)a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*

*(4)a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*

*(5)a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

67. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

68. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

**COUNT X- VIOLATIONS OF FCCPA BY SEAN FISHER**

69. Plaintiff realleges paragraph numbers 1 through 4 and 8 through 9 herein.

70. This is an action against Defendant for violations of the Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA) for damages in excess of $5,000.00 but less than $15,000.00, exclusive of interest, court costs and attorneys fees.

71. At all times material hereto: (a) the Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the debt sued upon is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

72. Defendant's Debt Collection Conduct as described herein this Count is a violation of the following provisions of Florida Statutes, §559.72:

> *(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*
>
> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

73. As a result of the Debt Collection Conduct as described herein this Count, Plaintiff has been injured.

74. Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

STAMATAKIS + THALJI + BONANNO

By: / s / Scott D. Stamatakis
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
P.O. Box 341499
Tampa, Florida 33694
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: Service@MyInjury.com
Counsel for Plaintiff